PER CURIAM.
|, This application arises from a slip and fall accident which occurred as plaintiff was exiting a bus in the parking lot of Boomtown Casino in Bossier City during rainy weather. The defendant moved for summary judgment. The district court denied summary judgment, and the court of appeal denied writs. This application followed.
To prevail, plaintiff must establish defendant knew or should have known of the defect which caused the damage, that the damage could have been prevented by the use of reasonable care, and that defendant failed to exercise such care. La. Civ.Code art. 2817.1
In its motion for summary judgment, defendant produced evidence establishing the walkway on which plaintiff fell was designed to promote a non-skid surface and to prevent water from pooling in the area. It further submitted evidence indicating no similar accidents occurred in the area in which plaintiff fell.
*397 In opposition to the motion, the sole evidence produced by plaintiff was her own affidavit, which largely reiterated the allegations of her petition. Specifically, she stated the pavement was wet and slippery. She further averred the walkway may have been muddy, because the ground was muddy on either side.
When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. La.Code Civ. P. art. 967; Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material facts in dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
In the instant case, defendant supported its motion with evidence that the walkway was not defective. Plaintiff presented no evidence establishing any genuine issues of material fact. We are therefore mandated to grant summary judgment in defendant’s favor.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is hereby granted in favor of defendant.
JOHNSON, C.J., dissents and would deny the writ.
WEIMER, J., dissents and would deny the writ.
HUGHES, J., dissents and would deny the writ.